UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAUN MICHAEL CASTILLEJA,<br><br>Defendant. | NO:  2:12-CR-2040-RMP<br><br>ORDER DENYING MOTION TO VACATE HEARING AND HOLD PETITIONER'S MOTION IN ABEYANCE |

BEFORE THE COURT is the United States' Motion to Vacate Hearing and Hold Petitioner's Motion in Abeyance, **ECF No. 52**.  The Court has reviewed the motion, the response memorandum (ECF No. 53), and is fully informed.

## BACKGROUND

On May 8, 2012, Defendant was charged with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 1.  Defendant pleaded guilty to the charge on August 29, 2012.  ECF Nos. 30 and 31.

In preparation for sentencing, the United States Probation Office compiled a Presentence Investigation Report.  ECF No. 38.  The Probation Office concluded

that Defendant's Base Offense Level was 20, based on the application of U.S.S.G. § 2K2.1(a)(4)(a). *Id.* at 7. The Probation Office found that Defendant triggered a heightened Base Offense Level because Defendant had been previously convicted of a felony which constituted a crime of violence. *Id.* Defendant had a prior conviction for attempting to elude a pursuing police officer, at the time a "crime of violence" under U.S.S.G. § 4B1.2(a)(2). *Id.* Defendant's Base Offense Level was increased a further two levels as the firearm was stolen and an additional two levels for obstruction of justice. *Id.* After a three level downward adjustment for acceptance of responsibility, Defendant's Total Offense Level was calculated to be 21. *Id.*

Defendant was sentenced on November 29, 2012. ECF No. 104. The Court found the Total Offense Level to be 19 after rejecting the proposed obstruction of justice enhancement which, coupled with Defendant's Criminal History Category of VI, recommended a guideline imprisonment range of 63 to 78 months. ECF No. 44 at 1. The Court sentenced Defendant to 63 months incarceration. ECF No. 43 at 2.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, __U.S.__, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was an unconstitutionally vague sentencing statute in violation of the Due Process Clause. *Id.* at 2557.

On May 6, 2016, Defendant filed a Motion to Vacate in Light of *Johnson v. United States* and for Immediate Resentencing. ECF No. 50. Defendant argues that *Johnson*, in holding the ACCA residual clause to be unconstitutional, also invalidated the similar residual clause contained in U.S.S.G. § 4B1.2(a)(2). *Id.* at 4. Consequently, Defendant contends that he was improperly sentenced based on a prior crime of violence and with an incorrect Base Offense Level. *Id.*

## DISCUSSION

The Government moves to vacate the scheduled hearing and stay Defendant's motion pending the resolution of two cases before the Ninth Circuit, *United States v. Gardner*, C.A. No. 15-72559 (W.D. Wash.), and *United States v. Jacob*, C.A. No. 15-73302 (D. Or.). ECF No. 52 at 5. Further, the Government objects that the scheduled hearing is premature as the Court has not ordered the Government to respond to Defendant's motion. *Id.* at 2.

### I. Stay of Proceedings

The Government requests that the Court stay proceedings until the Ninth Circuit has adjudicated two pending cases, *Gardner* and *Jacob*. *Id.* at 5. The Government argues that "the threshold issue is whether there is any *retroactive* application [of *Johnson*] on collateral review in the Sentencing Guideline context." *Id.* at 4 (emphasis in original). As this issue may be decided by the Ninth Circuit, the Government asserts that a stay of proceedings is appropriate. *Id.* at 5.

Defendant contends that a stay pending the Ninth Circuit's adjudication of *Gardner* and *Jacob* is legally improper. ECF No. 53 at 2. Defendant notes that "there is no guarantee that the opinions will be published orders that are binding on the district court" and that "[t]he only thing that a stay would do is delay Mr. Castilleja's case." *Id.* at 4–5. Further, Defendant argues that "[t]he government has not satisfied the legal requirements in order to warrant a stay." *Id.* at 6.

The Ninth Circuit discussed stays of habeas corpus proceedings in *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000). In *Yong*, the district court stayed adjudication of a habeas petition, reasoning that "the stay was the most efficient course of action because the court otherwise would be required to revisit its decision after [the Ninth Circuit] issue[d] [its] decision in *Ma*," a separate, pending appeal considering identical issues. *Id.* at 1117–18. The district court further noted that "the stay would not unduly burden Yong because even if the court were to grant Yong's petition, it would stay relief pending appeal." *Id.* at 1118.

The circuit court noted that, although "a trial court has the inherent authority to control its own docket and calendar . . . habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id.* at 1120. Further, the court recognized that "we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." *Id.* The court concluded that:

ORDER DENYING MOTION TO VACATE HEARING AND HOLD PETITIONER'S MOTION IN ABEYANCE ~ 4

> [w]e acknowledge that the district court was in an unenviable position. It was faced with a number of petitioners in an evolving area of law and knew that, however it ruled, it might be required to revisit its decisions if its reasoning did not comport with our ruling in *Ma*. The stay it crafted, however, placed a significant burden on Yong by delaying, potentially for years, any progress on his petition. Consequently, although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here.

*Id.* at 1120–21.

As noted by Defendant, *Gardner* and *Jacob* involve requests to file second or successive habeas petitions. ECF No. 53 at 2. Defendant argues that "[a]lthough no appeal can be taken from a denial of a motion for authorization for a successive habeas petition, the petitioner has a right to seek rehearing *en banc* and then appeal to the U.S. Supreme Court's original jurisdiction." *Id.* at 10. As such, Defendant argues that "*Gardner* and *Jacob* could be pending for years." *Id.*

The Government's sole justification for staying proceedings on Defendant's habeas corpus petition rests on preserving judicial economy. ECF No. 52 at 5. Following *Yong*, judicial economy is, alone, an insufficient rationale to justify a perhaps lengthy stay of Defendant's habeas corpus petition. *See Yong*, 208 F.3d at 1120–21; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."). As such, the Court denies the Government's request for a stay of Defendant's habeas corpus proceeding.

ORDER DENYING MOTION TO VACATE HEARING AND HOLD
PETITIONER'S MOTION IN ABEYANCE ~ 5

**II. The Government's Response Memorandum**

The Government objects that, although the Court has scheduled oral argument on Defendant's motion for June 1, 2016, the Court has not "request[ed] a response from the United States." ECF No. 123 at 2. Under the Rules Governing § 2255 Proceedings, Rule 4, the Court must "order the United States attorney to file an answer." 28 U.S.C. § 2255 Rule 4(b). Further, "[t]he respondent is not required to answer the motion unless a judge so orders." 28 U.S.C. § 2255 Rule 5(a).

Due to the Court's pending trial schedule, the Court was unavailable to hear this matter at the originally scheduled June 1, 2016, hearing. ECF No. 54. As such, the Court re-scheduled the hearing, with oral argument, for June 22, 2016, at 3:30 p.m., in Spokane, Washington. *Id.* Pursuant to the Rules Governing § 2255 Proceedings, the Court hereby orders the Government to file a response memorandum on or before June 13, 2016. If Defendant so chooses, Defendant shall file a reply memorandum on or before June 20, 2016.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Vacate Hearing and Hold Petitioner's Motion in Abeyance, **ECF No. 52**, is **DENIED**.

2. The Government shall file a response memorandum to Defendant's Motion to Vacate in Light of *Johnson v. United States* on or before **June 13, 2016**. Defendant shall file any reply memorandum on or before **June**

**20, 2016**. The Court will hear oral argument at the re-scheduled hearing on June 22, 2016.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 25th day of May 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING MOTION TO VACATE HEARING AND HOLD PETITIONER'S MOTION IN ABEYANCE ~ 7